United States District Court
Northern District of Indiana
So. Bend Division

Heather L. Manns
   Plaintiff
    v.s.
Starke Sheriff Dept Employees
Mr: Mrs John Lenderman, Mr & Mrs
Cameron Price, Allison Lynch
Rudy Allen, Kristin Mann, Kendra
Manns, Austin Fletcher, Mr. Bradley
c/o John & Christina, Substence Abuse
Coordinator, Mandy and Release Coordinator
Rob Olyniak

3:23-cv-287

-FILED-
APR 12 2023
Chanda J. Berta, Acting Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## Opinion & Order

I Heather L. Manns am filing a complaint against above officers ECF1. A document filed Pro'se is to be liberally construed and Pro sé the complaint however In artfully pleading must be held less stringent standards, than formal pleadings by lawyer." Erickson v. Pardus, 551 U.S. 89, 94 (2007) Nevertheless, under 28 U.S.C. §1915A The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune to such relief. against the Starke Co Sheriff Department. To proceed beyond the pleading stage, a complaint

must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) A claim has facial plausibility when the pleaded factual content allows the court to draw reasonable inference that Starke Co Sheriff Department is liable for the misconduct alledged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Mr Manns is proceeding without counsel, the court must give his allegations liberal construction. Erickson v Pardus, 551 U.S. 89, 94 (2007). Ms Manns claims while incarcerated at Starke Co Justice Center 5435 E. St RD 8, Knox In 46534. During July 19th, 2021 - January 26th 2022. The facility had violated 2021 US Code Title 42 Chapter 21A Privacy Protection SC 2000 ca by Placing a device called Facial Recognition in which the order I did not understand till officers had engaged in broadcasting, having Public Communication, and began to have inmates interact with these Schemas, and Conspiracy's that involved the listening device incorporating these enhanced Paranoid & Anxiety once Placing me in seregation in booking where They kept me awake for days utilizing this device Not for a National Defense, Protection, nor Investigation Officer Cameron Price and Officer Lenderman had Involved Officers, Dietician, Trustee's, Counselors, Substence Coordinator, Secretary, Social Service To stand around the door of seregation and

recent things I was thinking. Enclosing a list of inmates involved in the officers breaking confidentiality and engaging in the wrong doings of these officers. Violating Amendments Non-Telephonic Electronic Surveillance Electromatic Transmission for invasion of Privacy using Facial recognition Goldman v United States states its to be used in Investigative not In Psycological ways Regardless of Interrogation Tactics for a purpose not to release the information to inmates in a malicious, Nefarious, vindictive way to Abuse me mentally and Emotionally. The information collected under Federal Communications Act, Olmstead & Loas states the information was only to be used within the Government Agency. Not a facility and involve inmates. Ch.652, 48 Stat 1103 (1934) Which is where the officers did not Take a constitute private cause for action. The act enforced is unconstitutional act to the injury in which Starke County Sheriff Department had all been under this Order. All officers are bound by oath of Affirmation to support the Constitution with Integrity and to Serve and Protect. Clause 2 Supremacy of Constitution and Treaties define State to define their duties and conduct of affairs. Not to Abuse the Authority, Nor act of Inferiority, or express Personal feelings that become Sadistic, ill intended, or to cause personal harm to ones welfare. None of the positions were taking with great seriousness

No officer conducted themselves according to confidentiality they continued to enforce Unconstitutional act to cause injury. Henricks v Cooper 589 F.3d 887, 890 Amendment 5 states As a Protector to privacy the order agrees to both interest are protected but because the Scheme was survival in a Security Protection against disclosure. Purpose of program was not to pose a threat to the person or constitution. Allison Lynch recieved a letter instead of going to Hamlet Police Department Officers entered it into evidence officers released the information to Inmates even copied the letter. Tampered with evidence and I was placed in seragation after being threatened to be Jumped after several days of enduring this. Then the device was placed unto me which I was left to remain in Custody at Starke Co Justice Center instead of securely being removed to another facility for keep safe so the device was placed on me however wasn't for protection, they abused device. Statutory Protection does not give government or officials the right to ask questions or ultilize a program unwarranted disclosure The right to Informational Privacy. I have the right to be free, Incarceration should be looked at no different than home. The right to privacy in a Jail to use the bathroom, Shower, think, or actively be in a conversation with another person should not be invaded with conspiracies Obsenities, Vulgarity, dehumanizing, demoralizing shaming embarrassment, the Sexual misconduct of speaking about my Vagina, Anus, or body is Inhumane, and

nothing less than barbarous. Amendment 8 states no cruel unusual punishment is to be inflicted the law states there is no ratifying conventions that tortures and barbarous punishments through Schemas, Surveillance, device or otherwise. It states no prisoner should be placed at substantial risk of serious harm. In which in Psycological, Social, or Housing is not to excluded. The officer behind the order and officers supervision is suppost to be logged with employee Supervision, computer body image Thermal imaging, Recorded Conversations, Technique, or tactic Narrative all 24 hour surveillence is to be recorded with no blind spots nor any un accounted minutes without great detail as to missing evidence or thats destruction of Justice. All Data files, or reports. 47 CFR § 19.735-201.46 of Communications Act, At 47 USC 154(b)(2)(a)(iv) No employee of commission may be in the employ of or hold an official relation to any person significantly regulated by the commission under that Act. They are Prohibited. Under 47 CFR §19.735-203 Non Public Information was reported nor handled accordance to the Set Federal Regulations. Title 48 Part 3004.4702 Policy they followed no compliance with policies and procedures. especially in Part(B) Incorporating Paranoid Tactics, causing Schemas Involving inmates instead of officials as well as Mr. Tenderman, Mr. &Mrs. Cameron Price had allowed inmates and off duty officers around the

equipment which placed inmates to harass me place me in inhumane environment cruel unusual punishment pain and suffering Mrs. Mohns alleges she was subjected to excessive force by Officer Christine, for yelling after 48 hours of continued Officers used the device to attempt these paranoid conspiracy's, using sound effects, yelling, and every time I thought of anything they twist and turned every thought I had I started becoming disruptive though verbal and they opened up the chow chute and shot 6 rounds of pepper balls in pelvic area. This was excessive due to the torture the inflicted which caused harm emotionally and physically. In Code 33-25-3-5 (1) Sec 5 The hearing and argument of cases in court of Appeals shall be in accordance with the rules of the Supreme Court as to hearing the Argument I'm placing a claim of 1 million Dollars suitable for compensatory and punitive damages for pain and suffering, cruel unusual punishment, violating Constitutial Rights 1st, 4th, 5th, 8th, 11th, 14th all in their facility.

Heather L. Mohns
1400 Pioneer Dr.
Plymouth In 46563